McFarland, J.,
delivered the opinion of the court.
This suit was brought before a justice of the peace by Woltering against Ford. After the cause was taken to the court by appeal, the death of .Ford was suggested, and seire facias was served upon Ellen Ford to show causé why the action should not be revived against her as executrix of M. Ford. No plea was filed to the sci. fa., and the cause was revived, and at the same term came on. for trial, when the defendant asked leave to file a plea of fully administered, which was refused, and the plaintiff had judgment.
The error principally relied upon, is the refusal of the court to permit the plea of fully administered to be filed. Pleadings before a justice of the peace are not required to be in writing, except it be pleas in abatement, but all defences may be made orally, which are legitimate. 10 Yerg., 250. While the cause remains before the justice and when judgment is there rendered, it is not contemplated by these provisions of the law that the question of fully administered shall be there determined, or proceeding instituted in that forum against the heirs by scire facias. When *205 this course is proposed the justice’s proceeding must be returned to the Circuit Court, after a return of an execution not satisfied. See Code, 227,1-2-3.
When the cause, however, is taken by appeal to the Circuit Court, we see no reason why the administrator should not be permitted to make this defense, and if he desires it, to file a written plea, which if found for the personal representative requires that a different judgment, and one having a different effect should be rendered. If, therefore, we are to construe the action of the court as a refusal to allow this defense, and it seems we must, his action was erroneous. The plea was offered at the term at which the cause was revived, and at as early a day as the defendant' was required to appear.
It is not very clear that the defendant could be injured by his failure to file his plea. If the estate be insolvent, it is clear that a suggestion of insolvency would relieve her from personal liability. Code, 2394; Mosier v. Zimmerman, 5 Hum., 62. And in any event it is not certain that under our laws she could be injured by it, although at common law it was a conclusive admission of assets. But as the defendant had the right to make the defense, and the right was refused, the judgment will be reversed and leave given to file the plea and make the defense.